■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. PASQUALE TROZZO, Appellant.— Judgment, Supreme Court, Bronx County, rendered November 23, 1971, convicting the defendant after a jury trial of perjury in the first degree, and sentencing him to the New York City Correctional Institution for Men for a period of one year, affirmed. In the course of carrying out their assignment for the enforcement of the gambling laws, Patrolman Frank Serpico and Lieutenant Irving Liebman testified that the defendant told them that he did not make book or take bets on sporting events, but that he handled "numbers" or "policy". When questioned before the Grand Jury, after equivocal response and substantial lapse of memory, we have the following questions and answers: "Question: Again, I ask you, sir, did you say to the police officers in words or substance or give any indication or impression to them that you were paying off any police officers by using the phrase in words or substance that, 'I'm on for policy,' yes or no, Mr. Trozzo? Answer: No. * * * Question: Well, if you were not on for policy, and such is your testimony, then there would be no reason for you to say that back on June 24th, 1968, that you were on for policy. Answer: How could I say that if I was never on? Question: You couldn't say it and you didn't say it because you were never on for policy, is that correct? Answer: That's correct. Question: That's what your testimony is? Answer: Yes." The jury was justified in finding the defendant guilty under section 210.15 of the Penal Law. The motion to dismiss the indictment for failure to prosecute was properly denied. As was said in *People* v. *Minicone* (28 N Y 2d 279, 281). "What is an unreasonable delay is a question of degree affected by the circumstances in the particular

case ". The defendant was out on bail through the whole proceeding and is even now on bail pursuant to a certificate of reasonable doubt. He was indicted February 4, 1969 and pleaded not guilty on March 10, 1969. On June 29, 1971, the defendant's counsel moved to dismiss the indictment for want of prosecution. The motion was denied by Judge Harold Birns who found that calendar congestion was primarily the cause for the delay. (*People* v. *Ganci*, 27 N Y 2d 418.) It should also be pointed out that a key witness for the People, Patrolman Frank Serpico, was unable to testify for approximately five months due to a gunshot wound. Concur — Kupferman, J. P., McNally and Eager, JJ.; Murphy, J., dissents in the following memorandum: I disagree. Defendant's indictment and subsequent conviction stem from his testimony before a Grand Jury investigation of police corruption. Specifically, he was charged with denying having told two police officers: "If you catch me taking any book, lock me up * * * I'm on for policy." When questioned before the Grand Jury, defendant repeatedly denied any recollection of having told the police officers he was "on for policy". After many of these equivocal responses, defendant was asked: "Again; I ask you, sir, did you say to the police officers in words or substance or give any indication or impression to them that you were paying off any police officers by using the phrase in words or substance that, ' I'm on for policy', yes or no, Mr. Trozzo?" Defendant responded in the negative; and in response to further questioning again repeated his inability to recall making such a statement. Thereafter, defendant was indicted for, and convicted of, perjury predicated on his single negative answer. Initially, it is noted that the indictment charges defendant with knowingly and willfully denying that he had told the police officers, in words and substance, "if you catch me taking any book or any sports lock me up; I'm on for *numbers*, that's all I take" (italics supplied). However, even if we assume, *arguendo,* that "policy" and "numbers" may be treated as synonymous for the purpose hereof, the evidence adduced was insufficient in law to warrant a finding of guilt beyond a reasonable doubt. An examination of defendant's testimony before the Grand Jury does not reveal that he "intentionally [made] a false statement which he [did] not believe to be true" (Penal Law, § 210.00, subd. 5). On the contrary, a fair analysis of his entire testimony is as consonant with fallibility of memory as with willful falsification. (*People* v. *Samuels,* 284 N. Y. 410; *People* v. *Lombardozzi,* 35 A D 2d 528, affd. 30 N Y 2d 677.) In such connection, it is to be noted that defendant was not charged with falsely swearing that he did not remember his prior conversations (*People* v. *Doody,* 172 N. Y. 165); only with knowingly and intentionally uttering a single coerced negative response to an obviously ambiguous and confusing question. (Cf. *People* v. *Smilen,* 33 N. Y. S. 2d 803.) Additionally, I believe the court below improperly denied defendant's motion to dismiss the indictment for failure to prosecute. Defendant, who was concededly always on bail, was indicted on February 4, 1969 and arraigned on March 10, 1969. Prior to a decision on October 30, 1969 denying defendant's motion to inspect the Grand Jury minutes, the case was marked off the calendar. Nothing further was done until June 14, 1971, when respondent advised defendant's counsel that the case was being restored to the Trial Calendar of July 16, 1971. Thus, some 20 months elapsed between the denial of defendant's aforesaid motion and the restoration of the case. Even if we then deduct the six-month period from February, 1971 to July, 1971, when one of the prosecution's witnesses was incapacitated, the remaining 14-month delay, under the circumstances of this case, was inordinate. The court below found "good cause" for the delay on the ground that it was primarily due to calendar congestion. While this, of course, is a factor to be considered on this type

of application (*People* v. *Ganci,* 27 N Y 2d 418), respondent did not explicitly raise this issue. Rather, it proffered, as its excuse, the press of other business, including other prosecutions stemming from this same investigation, and the internal reassignment of this case among several prosecutors. I find nothing in the record to indicate that respondent was consistently ready to try this case but was unable to do so because of a limitation of court facilities. Both such factors must be shown to excuse inordinate delay. (*People* v. *Minicone,* 28 N Y 2d 279, 281.) Accordingly, the judgment should be reversed and the indictment dismissed.